IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSO VERNELL FRAZIER II, | |
| Plaintiff, | 8:25CV277 |
| vs. | |
| STATE OF NEBRASKA, and NEBRASKA DOUGLAS COUNTY, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the complaint filed on April 11, 2025, by Plaintiff Alphonso Vernell Frazier II. Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons discussed below, Plaintiff's claims must be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff has sued the State of Nebraska and Douglas County, Nebraska. Liberally construed, Plaintiff alleges he is an indigenous person, a Moor, and a Native American who was wrongfully identified as a black person during an adoption proceeding held before the Douglas County Probate Court. He claims his due process and equal protection rights were violated, and he is entitled to relief from Douglas County. Filing No. 1 at 4. Plaintiff further seeks recovery from the State of Nebraska, alleging he was wrongfully convicted of rape on February 27, 1990. *Id.*

Plaintiff requests damages. *Id.*

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

2

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS

Plaintiff alleges he is entitled to recover damages under 42 U.S.C. § 1983.[1] Filing No. 1 at 3. For the reasons explained below, Plaintiff's complaint will be dismissed.

### A. Claim against the State of Nebraska

Plaintiff alleges he was wrongly convicted on Nebraska criminal charges in 1990. He seeks damages arising from the wrongful conviction.

---

[1] He also seeks recovery under:
- the Civil Rights Act of 1871, also known as the Ku Klux Klan Act, codified as 42 U.S.C. § 1985. However, that act prohibits conspiring to directly or indirectly deprive a person or class of persons of equal protection of the law. Plaintiff has not alleged a conspiracy or facts to support an equal protection violation.
- the Federal Trade Commission Act, 15 U.S.C. § 45. The FTCA creates no private right of action. *In re SuperValu, Inc*., 925 F.3d 955, 963 (8th Cir. 2019).
- Neb. Rev. Stat. § 43-104, applicable to Nebraska adoption proceedings. Plaintiff has not alleged how that statute was violated.
- Article I, Section 8 of the United States Constitution, which outlines the powers of Congress. Plaintiff has not explained how these laws were violated.
- the Adoption and Safe Families Act of 1997, 42 U.S.C. §§ 673b, 679b & 678. While courts have held that ASFA creates rights that the plaintiffs may seek to enforce under Section 1983, *Jeanine B. v. McCallum*, No. 93-C-0547, 2001 WL 748062, at *3 (E.D. Wis. June 19, 2001), Plaintiff has not alleged how this act was violated.
- the Geneva Four Conventions (1949), including Protocol II, which establishes a law of war adopted by many countries and applicable to both combatants and noncombatants. There is no reason to believe the Geneva Conventions are relevant to Plaintiff's claims.
- the Hague Convention on Protection of Children and Co-operation in Respect of Intercountry Adoption, and the Intercountry Adoption Act of 2000, 42 U.S.C. § 14901 et seq., which implements the Hague Convention adoption provisions. Plaintiff has not alleged how international adoption laws are applicable to his case.
- the Indian Citizenship Act of 1924, Pub. L. No. 68-175, ch. 233, 43 Stat. 253 (codified at 8 U.S.C. § 1401(b)), which states that the grant of citizenship to Indian, Eskimo, Aleutian, or other aboriginal tribe members will not impair their property rights. This act is not applicable to Plaintiff's claims.
- 18 U.S.C. § 1583, which imposes criminal liability for enticement into forced labor, sale into slavery, and use or provision of forced labor. This statute is not factually or legally applicable to Plaintiff's claims.
- 18 U.S.C. § 242, a criminal counterpart to the civil rights statutes. This statute does not provide a basis for civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).

Under *Heck v. Humphrey*, 512 U.S. 477, 486–88 (1994), Plaintiff cannot seek damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment without first proving his conviction or sentence was overturned. *See Nichols v. Simpson*, 221 F.3d 1343 (8th Cir. 2000). Plaintiff has not alleged that his conviction was set aside. His § 1983 claim against the State of Nebraska is *Heck*-barred.

Even had Plaintiff successfully set aside his conviction, he cannot recover damages from the State of Nebraska. States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment).

Plaintiff's claim against the State of Nebraska is *Heck*-barred, and the State is immune from Plaintiff's claim for damages under the Eleventh Amendment. Plaintiff's claims against the State of Nebraska must be dismissed.

## B. Claim against Douglas County, Nebraska

Plaintiff alleges that during adoption proceedings in the Douglas County Probate Court, he was misidentified as Black in violation of his right to due process and equal protection.

If Plaintiff is challenging the state court's ruling, the *Rooker–Feldman* doctrine bars Plaintiff's federal claim against Douglas County. A federal district court cannot review cases complaining of injuries caused by state-court judgments rendered before the district court proceedings were filed. *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (interpreting the *Rooker–Feldman* doctrine).

Even if the Court considers the allegations of Plaintiff's complaint, Plaintiff has failed to state a claim for recovery. When seeking § 1983 recovery from a governmental entity, such as a county, a plaintiff must identify a governmental policy or custom that caused the plaintiff's alleged injury. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Plaintiff's complaint does not allege the existence of any Douglas County policy or custom that caused Plaintiff's injury.

Finally, the Court will not consider Plaintiff's vague due process and equal protection allegations. Plaintiff must allege facts. Here, he has not explained his relationship to or role in the adoption proceedings, how the alleged misidentification of his race in those proceedings violated the federal constitution or any federal statute, or how he was thereby harmed.

Plaintiff's claim against Douglas County must be dismissed as either barred by the *Rooker-Feldman* doctrine, or for failure to state a claim.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). Plaintiff's damage claim against the State of Nebraska is barred under *Heck* and the Eleventh Amendment, and he has failed to state a claim against Douglas County. His complaint must be dismissed.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

5

3. Plaintiff's pending motion for summons, Filing No. 8, is denied as moot.

Dated this 23rd day of September, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge